# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

Sherri Levandoski,

Plaintiff,

v. Case No. 3:26-cv-1035

3M Company,

Defendant.

# COMPLAINT

## I. NATURE OF ACTION

101. This is a civil action brought by the Plaintiff in order to obtain redress for the violation of rights secured to her by Title 42, Chapter 126, of the United States Code, the Americans with Disabilities Act, enforceable through Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, which occurred when she was discriminated against on the job when she was denied a lawful accommodation for her disability.

## II. JURISDICTION AND VENUE

### A. Jurisdiction

201. Jurisdiction is conferred on this Court by 42 U.S. C. § 12117(a) and 42 U.S.C. § 2000e-5(f)(3). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

### B. Venue

202. The Western District of Wisconsin is the proper venue for this action because it is a judicial district in the state in which the unlawful employment practice is alleged to have been committed within the meaning of 42 U.S.C. § 2000e-5(f)(3).

## III. PARTIES

### A. Plaintiffs

301. The Plaintiff is an adult female citizen of the United States with the capacity to sue and be sued in this Court.

### B. Defendants

302. The Defendant, 3M Company, is a legal entity, with the capacity to sue and be sued in this Court. It is an employer within the meaning of 42 U.S.C. § 12111(5).

## IV. ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION

401. Plaintiff Sherri Levandoski was employed by 3M Company, an innovation-based global technology and manufacturing company.

402. She began her employment there in 2005.

403. Her job title was truck driver, and she worked for 3M at its facilities in the Wausau, Wisconsin area.

404. Truck drivers are responsible for, among other things, hauling crushed rocks from a nearby quarry back to the Plant, an 11 mile loop each driver completes twelve times each day.

405. Prior to 2020, Ms. Levandoski suffered a serious back injury that required surgical fusion.

406. As a result of that injury, Ms. Levandoski has a permanent disability.

407. In February 2020, Ms. Levandoski requested that 3M accommodate her disability by allowing her to work eight hours per day, five days per week.

408. Essentially, it was a request to not perform overtime work.

409. The accommodation was requested by Dr. Ryan Dunn at the Aspirus Spine and Neurosciences institute.

410. 3M partnered with Sedgwick to administer any request for reasonable accommodations under the Americans with Disabilities Act, including Mr. Levandoski’s request.

411. 3M's third-party claims administrator, Sedgwick, provided Ms. Levandoski related paperwork, which Ms. Levandoski's medical provider returned.

412. The paperwork supported Ms. Levandoski’s need for her requested accommodation for an indefinite period due to a lifetime impairment of chronic back pain.

413. 3M granted the accommodation in April, 2020.

414. The following year, on April 15, 2021, Sedgwick informed Ms. Levandoski of continuing approval through April 22, 2022.

415. Ms. Levandoski worked under accommodation pursuant to which her hours were limited to 8 hours per day, 5 days per week. She was able and willing to work the allocated 40 hours per week.

416. She successfully completed two years (2020-2021 and 2021–2022) of work with this accommodation, which was extended to her by letters from Sedgwick dated April 23, 2020, and April 15, 2021. (On April 15, 2021, Sedgwick informed Ms. Levandoski of continuing approval through April 22, 2022.)

417. On April 26, 2022, Supervisor Ryan Block alerted second shift employees that the end of Complaint’s accommodation would be discussed at the April 27, 2022, meeting.

418. At that meeting Ms. Levandoski was shown an email that terminated her accommodation.

419. This decision was also conveyed to her by letter from Sedgwick that said that the reason for the decision was that the accommodation was no longer needed.

420. A different letter from Sedgwick dated May 3, 2022, said, "Your employer determined they were unable to accommodate your request due to removal of essential job functions."

421. 3M's refusal to grant an extension of Ms. Levandoski's accommodation resulted in her working 12-hour work days, and these long work days caused a flare-up of Ms. Levandoski's well-known back disability.

422. As a result of this flare-up, Ms. Levandoski was off work for many months until her lower back disability was stabilized.

423. On December 18, 2023, Ms. Levandoski's physician determined that her disability has stabilized, and she was released to return to work "no more than 8 hours per day; 5 days per week. A maximum of five consecutive work days. A maximum of 40 hours per week" with an appropriately fitted air-ride seat.

424. April Hallas, was, throughout the events at issue in this case, 3M's Human Resource manager.

425. 3M did not return Ms. Levandoski to work until July 31, 2024, but then, on August 16, 2024, April Hallas sent Ms. Levandoski an email saying 3M would not accommodate her restrictions.

426. Ms. Levandoski was off work until September 5, 2024.

427. On September 3, Ms. Levandoski sent slightly revised work restrictions to Ms. Hallas, and on September 4, 2024, Ms. Hallas emailed Ms. Levandoski that 3M would honor those restrictions, and she could return to work on September 5.

428. Ms. Levandoski has been working under her long term 8-hour per day – 5-days-per-week restriction since that time without difficulty.

429. 3M's temporary termination of Ms. Levandoski's accommodation resulted in her flare-up which subsequently caused her to miss months of work.

430. 3M failed to reasonably accommodate Ms. Levandoski's disability.

## V. BASES OF LIABILITY

### A. The Americans with Disabilities Act.

501. The Defendant violated Ms. Levandoski's right, secured to her by the Americans with Disabilities Act, to be extended a reasonable accommodation for her disability.

## VI. DAMAGES

601. Ms. Levandoski sustained lost wages and benefits, mental and emotional distress, damage to her reputation and lost future earning capacity as a result of the Defendant's unlawful conduct, for which she seeks an award of compensatory damages.

602. Because the acts of the Defendant herein alleged were carried out

maliciously or with reckless disregard for Ms. Levandoski's rights, the Plaintiff seeks an award of punitive damages against the Defendant to deter it and others similarly situated from similar wrongful acts in the future.

## VII. CONDITIONS PRECEDENT

701. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## VIII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays the court to grant a judgment against the Defendant awarding the full amount of her damages together with interest, costs and attorney's fees and such other and further relief as the Court deems just.

Dated this Thursday, October 15, 2026.

Respectfully submitted,

Sherri Levandoski,

Plaintiff,

By

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar Number 1016284
1025 Quinn Drive, Suite 500
Waunakee, WI 53597-2502
Phone: 608 283-6001
Fax: 608 283 0945
E-mail: jsolson@scofflaw.com

/s/ Jeff Scott Olson

____________________________

Jeff Scott Olson

ATTORNEYS FOR PLAINTIFF